FILED IN CHAMBERS
U.S.D.C. Rome

DEC 04 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

BARRY DEWAYNE HOLBERT,
Administrator for the Estate
of LESLEY CONNEL HOLBERT,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF HUMAN
RESOURCES, NORTHWEST GEORGIA
REGIONAL HOSPITAL, SAM PERRI,
Ph.D., COUNTY OF CATOOSA,
GEORGIA, CATOOSA COUNTY
SHERIFF'S DEPARTMENT, PHIL
SUMMERS, Individually And In
his Official Capacity, Larry
C. Black, Individually And In
his Official Capacity, John
Doe and Jane Doe,

    Defendants.

CIVIL ACTION

NO. 4:07-CV-071-RLV

## O R D E R

This action arises from the care provided to the plaintiff for his mental condition that occurred after the plaintiff had been arrested and was incarcerated in the Catoosa County Jail.[1] Pending before the court are a Motion to Dismiss by Georgia Department of Human Resources ("DHR"), Northwest Georgia Regional Hospital ("NWGR"), and Sam Perri [Doc. No. 14] and a Motion for Judgment on

---

[1] On October 12, 2007, this court ordered the substitution of Barry Dewayne Holbert, administrator for the estate of Lesley Connel Holbert, for the plaintiff who has died during the pendency of his claims. For convenience, however, the court will refer to Lesley Connel Holbert as the plaintiff.

the Pleadings by Catoosa County, Catoosa County Sheriff's Department, Phil Summers, and Larry Black ("County Defendants") [Doc. No. 33].

As an initial matter, the court notes that the plaintiff has abandoned his claims against DHR and NWGR. [Pl.'s Resp. to Defs.' Mot. to Dismiss, 16, Doc. No. 20]. He also has abandoned his claims against Catoosa County, Catoosa County Sheriff's Department, and Phil Summers and Larry C. Black in their official capacities. [Pl.'s Resp. to County Defs.' Mot. J. on Pleadings, 5-6, Doc. No. 37.] Consequently, the claims against these entities and these persons in their official capacities are DISMISSED. Additionally, because the Federal Rules of Civil Procedure do not provide for fictitious party pleading, the claims against John Doe and Jane Doe are DISMISSED without prejudice. Therefore, the pending motion for judgment on the pleadings by the County Defendants is rendered moot and the only remaining defendants in this suit are Sam Perri, and Phil Summers and Larry C. Black in their individual capacities. With respect to the motion to dismiss, this court now considers that motion as it pertains to Sam Perri, the only remaining defendant on whose behalf the motion was submitted.

**FACTUAL BACKGROUND**

Having been treated for schizophrenia and psychosis since 2003, the plaintiff was involuntarily committed to Northwest Georgia Regional Hospital ("NWGR") on December 23, 2004, for mental health treatment after exhibiting, among other things, delusional, psychotic, and paranoid behaviors. On January 3, 2005, the plaintiff escaped from NWGR.

Approximately two months later, on March 17, 2005, the plaintiff, apparently while suffering a schizophrenic hallucination, drove to Cochran's Travel Center near Interstate 75 in Ringgold, Georgia, parked his car and stole another vehicle parked at a nearby gas pump. Still hallucinating, he then drove to the next exit on Interstate 75 and abandoned the car with the keys in the ignition and the engine running. At that point he returned to the travel center and reported his own vehicle stolen. On March 23, the Catoosa County Sheriff's Office arrested the plaintiff for motor vehicle theft.

Despite exhibiting psychotic behavior that led to his arrest, the Catoosa County Sheriff's Office did not note the plaintiff's mental conditions or any need for special treatment and, therefore, housed him in the county jail's general population. Between March 23 and March 31, 2005, the plaintiff's brother, Barry Holbert,

3

attempted to inform the authorities of the plaintiff's mental condition and to secure appropriate treatment for him. On April 1, 2005, Catoosa County Superior Court Judge Van Pelt ordered a mental evaluation of the plaintiff.

Pursuant to that order, Dr. Sam Perri, a mental health care provider employed by NWGR, evaluated the plaintiff but did not prescribe any medical treatment or recommend that the plaintiff be removed from the jail's general population. Throughout the month of April, Barry Holbert repeatedly called Dr. Perri and requested that the plaintiff's schizophrenia be treated while he was incarcerated; Dr. Perri, however, continued to refrain from prescribing treatment or recommending different detention facilities. Further, the plaintiff alleges that Dr. Perri did not regularly monitor his condition. On April 22, 2005, while apparently suffering another schizophrenic hallucination, the plaintiff jumped from the second floor of his jail ward and sustained severe, permanent, and disabling injuries.

The plaintiff alleges that the defendants are liable under 42 U.S.C.A § 1983 for deliberate indifference to his serious medical needs, namely that they failed to protect him from suicide or self-inflicted harm. The plaintiff also alleges a state law tort claim

for failing to render, or ensure the plaintiff received, adequate care.

**MOTION TO DISMISS**

The defendant Sam Perri moves to dismiss the plaintiff's § 1983 and state law tort claims pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, and 12(b)(1), for lack of subject matter jurisdiction. Upon considering a motion to dismiss, the court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. See United States v. Gaubert, 499 U.S. 315, 327 (1991). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Specific factual allegations are not required to adequately state the grounds for a claim. Instead, a complaint need contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

### Section 1983

The plaintiff's § 1983 claim alleges that Dr. Perri violated his constitutional right to adequate medical care while incarcerated as a pretrial detainee. Although the plaintiff

5

properly asserts his claim pursuant to his Fourteenth Amendment due process rights, this court analyzes it in the same manner as an Eighth Amendment deliberate indifference claim. Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994). Under the Eighth Amendment, as part of the right to medical care, prisoners (including pre-trial detainees) are entitled to receive adequate psychiatric and mental health care, and they have a right to be protected from self-inflicted injuries. Id.

The defendant's two defenses to this claim are that the complaint fails to state a constitutional claim upon which relief can be granted and that he is entitled to qualified immunity. The analysis with respect to either of these defenses begins with the same inquiry: whether the facts, when viewed in a light most favorable to the plaintiff, establish a constitutional violation. Holmes v. Kucynda, 321 F.3d 1069, 1077 (11th Cir. 2003).

To successfully allege constitutionally inadequate medical care, an inmate must show that a prison official acted with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Accordingly, to establish a constitutional violation, "a plaintiff must satisfy both an objective and subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). First, the plaintiff must show

an objectively serious medical need. Second, the plaintiff must show that the prison official acted with deliberate indifference to that serious medical need.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243. In either situation, whether a physician has mandated treatment or a lay person could easily recognize the need for medical attention, the "medical need" must be something that would pose a "substantial risk of serious harm" if left unattended. Id. Here, the plaintiff alleges that he was previously diagnosed with schizophrenia and psychosis, and that while he was involuntarily committed to NWGR, his treating physicians noted that he exhibited delusional, paranoid, and destructive behavior. Without opposition from the defendant as to this element of the constitutional inquiry, this court concludes that the plaintiff has sufficiently pleaded facts that, when viewed in his favor, show a serious medical need.

With respect to the second prong of the analysis, a "deliberate indifference" to a serious medical need "has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere

negligence." Id. (internal quotations and citations omitted). In this case, the plaintiff has alleged that Dr. Perri was advised of the plaintiff's history of psychotic behavior, that he met with the plaintiff only one time during his month-long incarceration, and that he failed to prescribe any treatment or make any treatment or special housing requests on the plaintiff's behalf.

The plaintiff's factual allegations maintain that Dr. Perri knew of the plaintiff's condition and the risk of harm he posed to himself or others, and thus the first prong of the deliberate indifference inquiry, subjective knowledge, has been met. The plaintiff also alleges facts that, assuming they are true, would support a finding that Dr. Perri's failure to take any affirmative course of treatment amounts to a complete disregard of the risk the plaintiff posed, and that such conduct by Dr. Perri was more than negligence. Thus, the plaintiff has also met the second and third prongs of the deliberate indifference inquiry.

The defendant asserts that the plaintiff's constitutional claim is insufficient because it alleges conduct that, at most, rises to the level of negligent care, which is insufficient to prove a constitutional violation. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). However, when read in a light most favorable to the plaintiff, the complaint actually alleges a

8

complete lack of medical care, which may itself be so inadequate as to amount to deliberate indifference. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Accordingly, the plaintiff has alleged sufficient facts at the motion to dismiss stage to establish a constitutional violation.

Having concluded that the plaintiff has sufficiently established a constitutional violation, and thereby overcome the Rule 12(b)(6) defense, this court turns to the remaining defense of qualified immunity. To be immune from suit under the doctrine of qualified immunity, a government official must first show that he was acting within his discretionary authority. If the official points to evidence that, when viewed in a light most favorable to the plaintiff, shows the official was engaged in a discretionary function, then the plaintiff has the burden to show that the official is not entitled to immunity by satisfying a two-part test: (1) that the facts show the defendant violated a constitutional right, and (2) that the constitutional right was clearly established. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

First, this court views the defendant's actions as within his discretionary function. The Eleventh Circuit has stated that this initial inquiry focuses on whether the acts in question are within

9

the official's job responsibilities, and it has established a two-step inquiry to make a "discretionary function" determination: (a) whether the official was performing a legitimate job-related function and (b) whether the official acted within his powers. Id. at 1265. Significantly, the plaintiff's claim is entirely based on Dr. Perri's conduct as the prison official responsible for providing mental health care to the plaintiff. Accordingly, the acts upon which the plaintiff bases his claim are clearly within the defendant's job-related function and the powers he had to carry out his responsibilities. Therefore, the defendant has shown that he was acting within his discretionary authority.

The next step of the inquiry is to determine whether the plaintiff has overcome the official's qualified immunity by establishing (1) a constitutional violation and (2) that the constitutional right was clearly established. Having concluded earlier in the Rule 12(b)(6) context that the plaintiff has sufficiently pleaded a constitutional violation, the first part of this test has been met.

With respect to the second part, i.e., whether the constitutional right was clearly established, the inquiry focuses on whether the law at the time of the alleged violation gave the official notice that his conduct was unconstitutional. Holmes, 321

F.3d at 1078. In 2005, when the alleged unconstitutional conduct occurred, the law in this circuit had long established that an official violates a detainee's constitutional rights if he acts with deliberate indifference to serious medical needs of prisoners. Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). Therefore, the plaintiff has shown that the right was clearly established and, consquently, has met the second part of the test and overcome the defendant's qualified immunity defense.[2]

### Georgia Tort Claims Act

The defendant, Dr. Perri, moves this court to dismiss the state law tort claim against him pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because he has official immunity under the Georgia Tort Claims Act (GTCA), O.G.C.A. §§ 50-21-20--50-21-37. The plaintiff contends that in the tort law context, Dr. Perri's conduct amounted to a ministerial act, for which there is no immunity under the GTCA. This court need not make that determination here, however, because the GTCA precludes a tort action against Dr. Perri.

---

[2]Significantly, however, this determination does not foreclose the defendant's ability to assert the qualified immunity defense at a later stage. The analysis herein has been conducted only in the context of the plaintiff's relatively low burden of proof necessary to survive a motion to dismiss. See Williams v. Consol. City of Jacksonville, 341 F.3d 1261, 1266 n.12 (11th Cir. 2003).

Pursuant to O.G.C.A. § 50-21-25(b), any party asserting a tort claim based on the conduct of a state officer or employee must name as party defendant the state government entity for which that officer or employee was acting. If the officer or employee is individually named, which has been done in this case, that state government entity must be substituted as the defendant. Accordingly, the entity for which Dr. Perri acted, NWGR, is hereby substituted. However, an action against NWGR cannot stand in this forum because the State of Georgia has not waived its sovereign immunity for actions brought in federal court. O.G.C.A. § 50-21-23(b). Consequently, this court does not have subject matter jurisdiction over the plaintiff's tort claim against NGWR based on Dr. Perri's actions.

Additionally, although there is no pending motion to dismiss the tort claims against Phil Summers and Larry C. Black, the GTCA makes clear that an action against these two persons is similarly unavailable. There is no allegation in the complaint that these two individuals are state employees. According to the complaint, Phil Summers is Sheriff of Catoosa County and Larry C. Black was, at all relevant times, administrator of the Catoosa County Detention Center. However, the GTCA does not provide for a tort action based on any conduct by these county officials. <u>See</u>

O.G.C.A. § 50-21-22(5)-(7). Moreover, even if they were state officers or employees under the statute, this court would not have subject matter jurisdiction because Georgia has not waived its sovereign immunity to suits against it in federal court.[3] Therefore, because the GTCA precludes a tort action against the three remaining defendants in this suit, the plaintiff's tort claim is dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss by Georgia Department of Human Resources, Northwest Georgia Regional Hospital, and Sam Perri [Doc. No. 14] is DENIED with respect to the § 1983 claim against Perri but is GRANTED with respect to the GTCA claim against Perri; furthermore, since the plaintiff has abandoned his claim against DHR and NWGR, the motion as to those defendants is DISMISSED as MOOT. The Motion for Judgment on the Pleadings by Catoosa County, Catoosa County Sheriff's Department, Phil Summers, and Larry Black ("County Defendants") [Doc. No. 33] is DISMISSED as

---

[3] In any event, it is clear that Georgia's limited waiver of sovereign immunity under the GTCA does not extend to counties or its agencies. O.G.C.A. § 50-21-22(6) and (7); <u>Nichols v. Prather</u>, 286 Ga. App. 889, 892-93 (2007)(finding that the GTCA does not apply to actions against a county sheriff, that his employees are not "state officer[s] or employee[s]," and that a sheriff's department is not a "state government entity" under the statute).

MOOT. The claims against Georgia Department of Human Resources, Northwest Georgia Regional Hospital, Catoosa County, Catoosa County Sheriff's Department, Phil Summers and Larry C. Black in their official capacities, and John Doe and Jane Doe, are hereby DISMISSED. The state tort claims against Sam Perri, and Phil Summers and Larry C. Black in their individual capacities are also DISMISSED. The only remaining claim is the plaintiff's § 1983 claim against Sam Perri and Phil Summers and Larry C. Black in their individual capacities.

SO ORDERED, this 4th day of December, 2007.

_____
ROBERT L. VINING, JR.
Senior United States District Judge